# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYER DIVISION

| | |
|---|---|
| AMANDA DUCHARME, CLAIRE WEBB, ELIZABETH WHITE, AND ASHLEE JOHNSON, § § § § Plaintiffs, § § v. § § TROON GOLF, L.L.C.; THE DUNES OF NAPLES, LLC; LEE SONSKY; and MICHAEL BROUGHTON, § § § § § Defendants. | CIVIL ACTION NO.: 2:22-cv-486 JURY DEMAND |

## COMPLAINT

### I.   INTRODUCTION

1.   Plaintiffs Amanda Ducharme, Claire Webb, Elizabeth White, and Ashlee Johnson (collectively "Plaintiffs") hereby bring this action for declaratory judgment and injunctive, equitable, and monetary relief. This action is instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, providing for relief against sex discrimination, including sexual harassment, and retaliation in employment. In addition, Plaintiff Claire Webb brings action under the American with Disabilities Act, ("ADA"), 42 U.S.C. 12111 *et seq.*, as amended. Through supplemental jurisdiction, this Court's jurisdiction extends over the Plaintiffs'

1

related state law claims of invasion of privacy, assault and battery, outrage, and negligent/wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact." The Plaintiff seeks a declaratory judgment, injunctive relief, and other equitable remedies, including backpay reinstatement, compensatory damages, punitive damages, costs, and attorneys' fees and expenses.

## II.   JURISDICTION

2.   The jurisdiction of this Court is invoked under the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §2000e. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202.

## III.   PARTIES

3.   Plaintiff Amanda Ducharme (hereinafter "Ducharme" or "Plaintiff") is a female citizen of the United States and a resident of Florida. Plaintiff has fulfilled all conditions requisite to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

4.   Plaintiff Claire Webb (hereinafter "Webb" or "Plaintiff") is a female citizen of the United States and a resident of Florida. Plaintiff has fulfilled all conditions requisite to the institution of this action under Title I of the ADA and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

5. Plaintiff Elizabeth White (hereinafter "White" or "Plaintiff") is a female citizen of the United States and a resident of Florida. Plaintiff has fulfilled all conditions requisite to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

6. Plaintiff Ashlee Johnson (hereinafter "Johnson" or "Plaintiff") is a female citizen of the United States and a resident of Florida. Plaintiff has fulfilled all conditions requisite to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

7. Defendant Troon Golf, L.L.C. (hereinafter "Troon" or "Defendant") is an employer subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. In addition, Troon is an employer subject to suit under the ADA. The Defendant was the Plaintiffs' employer at all times relevant to this action within the meaning of Title VII of the Civil Rights Act of 1964. This Court's jurisdiction extends over the related state law claims of negligent and/or wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

8. Defendant the Dunes of Naples, LLC (hereinafter "Dunes" or "Defendant") is an employer subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. In addition, Defendant Dunes of Naples, LLC is an employer subject to suit under the ADA. The Defendant was

the Plaintiffs' employer at all times relevant to this action within the meaning of Title VII of the Civil Rights Act of 1964. This Court's jurisdiction extends over the related state law claims of negligent and/or wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

9. The Defendants, Troon Golf, L.L.C. and the Dunes of Naples, LLC, were a single integrated enterprise and were the Plaintiffs' employer according to Title VII and the ADA.

10. In the alternative, the Defendants, Troon Golf, L.L.C. and the Dunes of Naples, LLC (hereinafter referred to collectively as "Defendants"), were a joint operation and the Plaintiffs' employer according to Title VII.

11. Defendant Lee Sonsky is a resident of the state of Florida and is subject to suit under the laws of the state of Florida.

12. Defendant Michael Broughton is a resident of the state of Florida and is subject to suit under the laws of the state of Florida.

## IV. STATEMENT OF FACTS

13. Defendants employed the Plaintiffs, Amanda DuCharme, Claire Webb, and Elizabeth White as Servers at The Club at The Dunes of Naples.

14. Defendants employed Plaintiff Ashlee Johnson as a Bartender at The Club at The Dunes of Naples.

15. Defendants Troon and the Dunes employed Defendant Lee Sonsky as Head Chef of the Club at The Dunes of Naples, which was a management position.

16. Defendants Troon and the Dunes employed Defendant Michael Broughton as Director of Food and Beverage of the Club at The Dunes of Naples, which was a management position.

17. Defendants Troon and the Dunes employed Robert Podley ("Podley") as General Manager of The Club at The Dunes of Naples, which was a management position.

18. At all times relevant to this action, Plaintiffs' job performance was exemplary.

19. DuCharme witnessed Sonsky touch, poke, grab, and otherwise sexually assault Rachel, a female Food Runner and Busser.

20. In or around March of 2021, DuCharme told Podley that Sonsky was harassing females.

21. After his conversation with DuCharme in March of 2021, Podley began disciplining DuCharme for alleged issues that were never considered prior to said conversation.

22. Within days of DuCharme's conversation with Podley, Defendants falsely claimed a customer filed a complaint about DuCharme.

23. Within three weeks of DuCharme's conversation with Podley, Defendants terminated DuCharme's employment.

24. In or around March or April of 2021, White witnessed Sonsky making sexually charged statements about, and taking photographs of Sabrina Holt ("Holt"), while Holt was bending over.

25. After this incident, and while crying, Holt approached DuCharme and informed her of said incident.

26. DuCharme told Holt to report Sonsky's behavior to Broughton, and Holt did.

27. No action was taken against Sonsky.

28. White also reported this incident to Broughton.

29. Approximately two weeks after her complaint to Broughton, Defendants Troon and the Dunes terminated White's employment.

30. Defendants' purportedly terminated White's employment because of an anticipated business slowdown. However, Defendants publicly posted a job opening for White's position shortly after her termination.

31. At the time, Defendants only terminated employees who previously complained about Sonsky.

32. In or around the Spring of 2021, Broughton asked Johnson if she was aware of Sonsky making females uncomfortable, and Johnson answered in the affirmative.

33. When Broughton took no action against Sonsky, Johnson asked Broughton why he was protecting Sonsky. Broughton provided no answer.

34. Shortly after Johnson's conversation with Broughton, Sonsky brought his body very close to Plaintiff Johnson's and stated "[d]o you want to go do it? Where are we going, are we doing it now?"

35. Johnson immediately reported this incident to Broughton, but Broughton again refused to take appropriate action against Sonsky.

36. Johnson then complained to Podley about Sonsky's discriminatory behavior, but Podley only stated "[t]hat is how all chefs are."

37. Podley then told Johnson he was unaware of any prior complaints made to Broughton regarding Sonsky's behavior.

38. In retaliation for her complaints and or good faith participation in an investigation regarding allegations of sex discrimination, Defendant forced Johnson to work at a bar bringing her less in total compensation, and ultimately terminated her employment.

39. Webb met with Podley and discussed Sonsky's sexually discriminatory behavior and provided a written statement reflecting the same.

7

40. Shortly after Webb's meeting with Podley, on or around April 9, 2021, Defendants Troon and the Dunes terminated Webb's employment.

41. Broughton solicited sex from female employees in exchange for money and told his female subordinates that he would accept a "bribe" in exchange for favorable performance evaluations, i.e., Broughton sought sexual favors in exchange for positive reviews.

42. Kyle Creasap, Defendants' former Assistant Manager, reported Broughton's solicitation of sex from female employees to Defendants management.

43. Defendants terminated Kyle Creasap within weeks of his complaint addressing unlawful sex discrimination.

44. Defendants mandated that female servers participate in a tip pool, while it allowed male service staff to opt out of said tip pool.

V. **CAUSES OF ACTION**

### COUNT ONE: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (SEXUAL HARASSMENT)

45. Plaintiffs brings their sex discrimination claims against Defendants Troon and the Dunes under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991".

46. Plaintiffs adopt and re-allege Paragraphs 2-36 and 39 above as if fully set forth herein.

47. Plaintiffs were discriminated against and harassed because of their sex.

48. Said harassment created a sexually hostile work environment.

49. The harassment was unwelcome, was severe and or pervasive, and it affected the terms and conditions of the s employment.

50. Further, Defendants held Plaintiffs to a less favorable standard as compared to their male counterparts.

51. The harassment was unwelcome, was severe and or pervasive, and it affected the terms and conditions of the Plaintiffs' employment.

52. Further, Defendants held Plaintiffs to a less favorable standard as compared to their male counterparts.

53. Defendants also expected Plaintiffs, all female, to endure and or accept sexual harassment and provide sexual favors in exchange for favorable performance reviews and continued employment.

54. When Plaintiffs refused, Defendants terminated Plaintiffs' employment.

55. Defendants' disciplines and termination of Plaintiffs' employment constitute adverse employment actions.

56. As a result, Plaintiffs, suffered loss in compensation, opportunities for advancement, emotional distress, embarrassment, and humiliation.

57. This claim is brought against the Defendants Troon Golf, LLC and the Dunes of Naples, LLC as the Plaintiffs' employer under Title VII and not against individual Defendants Sonsky and Broughton.

## COUNT TWO: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (DISPARATE TREATMENT)

58. Plaintiffs brings their sex discrimination claims against Defendants Troon and the Dunes under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991".

59. Plaintiffs adopt and re-allege Paragraphs 2-36 and 39 above as if fully set forth herein.

60. Plaintiffs were discriminated against and harassed because of their sex.

61. Said harassment created a sexually hostile work environment.

62. The harassment was unwelcome, was severe and or pervasive, and it affected the terms and conditions of the Plaintiffs' employment.

63. Further, Defendants held Plaintiffs to a less favorable standard as compared to their male counterparts.

64. Defendants also expected Plaintiffs, all female, to endure and or accept sexual harassment and provide sexual favors in exchange for favorable performance reviews and continued employment.

65. When Plaintiffs refused, Defendants terminated Plaintiffs' employment.

66. Defendants' disciplines and termination of Plaintiffs' employment constitute adverse employment actions.

67. As a result, Plaintiffs, suffered loss in compensation, opportunities for advancement, emotional distress, embarrassment, and humiliation.

68. This claim is brought against the Defendants Troon Golf, LLC and the Dunes of Naples, LLC as the Plaintiffs' employer under Title VII and not against individual Defendants Sonsky and Broughton.

### COUNT THREE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

69. Plaintiffs bring their retaliation claims against Defendants Troon and the Dunes under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the "Civil Rights Act of 1991".

70. Plaintiffs adopt and re-allege Paragraphs 2-4, 16-19, and 24-36 above as if fully set forth herein.

71. Plaintiffs engaged in a protected activity by reporting unwelcome and unlawful sexual harassment and/or sex discrimination to Defendants.

72. Shortly after Plaintiffs' complaints, and in retaliation for the same, Defendants terminated their employment.

73. Defendants' disciplines and termination of Plaintiffs' employment constitute adverse employment actions.

74. The temporal proximity between Plaintiffs' complaints and their termination indicates a causal connection between the two instances.

75. As a result, Plaintiffs suffered loss in compensation, opportunities for advancement, emotional distress, embarrassment, and humiliation.

76. This claim is brought against the Defendants Troon Golf, LLC and the Dunes of Naples, LLC as the Plaintiffs' employer under Title VII and not against individual Defendants Sonsky and Broughton.

## COUNT FOUR: VIOLATION OF
## THE AMERICAN DISABILITIES ACT
## (PLAINTIFF CLAIRE WEBB)

77. Plaintiff Webb is disabled as defined by the ADA, and Defendants and their managers perceived Webb as being disabled.

78. At all times relevant to this action, Plaintiff Webb could perform the essential functions of her job, both in the presence and absence of reasonable accommodations.

79. Plaintiff Webb's disability affected her ability to think, work, and care for herself, among other neurological major life activities.

80. Plaintiff Webb's treatment required her to take short breaks to eat and sip water.

81. Plaintiff Webb requested such time to eat and sip water from Broughton, but Broughton refused to provide Webb with said time.

82. Plaintiff Webb also requested a reasonable accommodation from Defendants' Human Resources Department.

83. Defendants' Human Resources Department asked that Plaintiff Webb take a form to her physician, but within days of giving Webb the form, Defendants terminated her employment.

84. Defendants prohibited Plaintiff Webb from from eating and drinking in the server room and disciplined her if she was in the break room while not on a designated meal break.

85. Defendants prohibited Plaintiff Webb from eating and drinking in the server room and disciplined her if she was in the break room while not on a designated meal break.

86. Defendants did not discipline other employees for being in the break room while not on a designated meal break.

87. Broughton made discriminatory statements towards Plaintiff Webb when she requested a short period of time to eat and sip water, such as "[w]hat's wrong, your mental issues?"

88. Approximately two days after Broughton made this statement, Defendants terminated Plaintiff Webb's employment.

89. Broughton and Sonsky also called Plaintiff Webb a "child" in response to her requests for reasonable accommodation.

90. Defendants held Plaintiff Webb to a less favorable standard of employment as compared to her non-disabled co-workers, or co-workers who Defendants did not perceive to be disabled.

91. Further, Defendants failed to provide a reasonable accommodation to Plaintiff, or engage in the interactive process to determine if a reasonable accommodation existed.

92. Defendants have intentionally, maliciously and with reckless indifference discriminated against Plaintiff Webb based on her disability or her perceived disability with regards to her terms and conditions of employment. 42 U.S.C. §12112.

93. This claim is brought by Plaintiff Claire Webb against Defendants Troon Golf, L.L.C. and the Dune of Naples, LLC as her employers pursuant to the ADA and not against individual Defendants Sonsky and Broughton.

## COUNT FIVE: INVASION OF PRIVACY

94. Plaintiffs adopt and re-allege Paragraphs 2-4, 16-19, and 24-36 above as if fully set forth herein.

95. The Defendants Sonsky and Broughton invaded the privacy of the Plaintiffs by, among other things, intruding into the Plaintiffs' private seclusion by making statements or inquiries invasive of their privacy.

96. The Defendants Troon and the Dunes are liable to the Plaintiff for the conduct of Sonsky and Broughton because (a) Defendants Troon and the Dunes knew or should have known about Sonsky's and Broughton's unfitness and continued to employ each of them; (b) Defendants Troon and the Dunes used the services of individual Defendants Sonsky and Broughton without proper instruction and with a disregard of the rights or safety of others; and/or (c) Defendants Troon and the Dunes authorized, ratified and/or condoned their agents' actions which amounted to an invasion of the Plaintiffs' privacy.

97. The Defendants Troon, the Dunes, Sonsky, and Broughton engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiffs' rights.

98. This behavior proximately caused the Plaintiffs to suffer great emotional distress for which she claims compensatory and punitive damages from Defendants.

99. This claim is brought against all Defendants.

## COUNT SIX: ASSAULT AND BATTERY

100. Plaintiffs adopt and re-allege Paragraphs 2-4, 16-19, and 24-36 above as if fully set forth herein.

101. The Defendants Sonsky and Broughton physically touched the Plaintiffs and threatened to touch the Plaintiff which constituted acts of assault and battery upon the Plaintiff.

102. The Defendants Troon and the Dunes are liable to the Plaintiffs for the conduct of Sonsky and Broughton because: (a) the Defendants Troon and the Dunes knew or should have known about Sonsky's and Broughton's unfitness and continued to employ each of them; (b) Defendants Troon and the Dunes used the services of Sonsky and Broughton without proper instruction and with a disregard of the rights or safety of others; and/or (c) Defendants Troon and the Dunes authorized, ratified and/or condoned their agents' actions which amounted to assault and battery.

103. The Defendants Troon, the Dunes, Sonsky, and Broughton engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiffs' rights.

104. This behavior proximately caused the Plaintiffs to suffer great emotional distress for which they claim compensatory and punitive damages from Defendants.

105. This claim is brought against all Defendants.

## COUNT SEVEN: OUTRAGE

106. Plaintiffs adopt and re-allege Paragraphs 2-4, 16-19, and 24-36 above as if fully set forth herein.

107. The Defendants Sonsky and Broughton committed conduct which was extreme, outrageous, and beyond the bounds of decency in civilized society.

108. The Defendants Troon and the Dunes are liable to the Plaintiffs the conduct of Sonsky and Broughton because: (a) the Defendants Troon and the Dunes knew or should have known about Sonsky's and Broughton's unfitness and continued to employ each of them; (b) Defendants Troon and the Dunes used the services of Sonsky and Broughton without proper instruction and with a disregard of the rights or safety of others; and/or (c) Defendants Troon and the Dunes authorized, ratified and/or condoned their agents' actions which amounted to an invasion of the Plaintiffs' privacy.

109. The Defendants, Troon, the Dunes, Sonsky, and Broughton engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiffs' rights.

110. This behavior proximately caused the Plaintiffs to suffer great emotional distress for which they claim compensatory and punitive damages from Defendants.

111. This claim is brought against all Defendants.

### COUNT EIGHT: NEGLIGENT AND/OR WANTON SUPERVISION, TRAINING, AND/OR RETENTION

112. Plaintiffs adopt and re-allege Paragraphs 2-4, 16-19, and 24-36 above as if fully set forth herein.

113. This is a claim arising under the law of the State of Florida to redress the negligent and/or wanton, hiring, supervision, training, and retention of the employee who sexually harassed the Plaintiff.

114. The Defendants Troon and the Dunes negligently and/or wantonly failed to adequately supervise, train, and/or retain their agents or operators who sexually harassed the Plaintiffs which proximately caused the sexual harassment and/or the retaliation against the Plaintiffs.

115. This behavior proximately caused the Plaintiffs to suffer great emotional distress for which she claims compensatory and punitive damages from Defendants Troon and the Dunes.

116. This claim is brought against Defendants Troon and the Dunes as the Plaintiffs' employers but not against individual Defendants Sonsky and Broughton.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described hereinabove violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and/or the laws of the State of Florida.

2. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and on the Defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and/or the laws of the State of Florida.

3. Issue an injunction ordering the Defendants not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and/or the laws of the State of Florida.

4. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by reinstating her in the position she would have occupied in the absence of the discrimination as set out herein, backpay (plus interest), compensatory, and punitive damages.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Dated:  August 11, 2022

Respectfully submitted,

*/s/ Joshua R. Gale*
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
MainStreet Center
101 North Woodland Blvd, Suite 600
DeLand, Florida 32720
Telephone: (386) 675-6946
Facsimile: (205) 254-1500
E-mail: jgale@wigginschilds.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY**

**The Plaintiff requests this Honorable Court to serve via certified mail upon the Defendants the following: Summons, Amended Complaint.**

**Defendants' Addresses:**

Troon Golf, L.L.C.
c/o CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

The Dunes of Naples, LLC
c/o Wilhelm, Dale C
3812 NW 40th St
Cape Coral, FL 33993

Lee Sonsky
8651 Addison Place Cir, Unit 312
Naples, FL 34119-7835

Michael Broughton
8329 Promoso Ct
Naples, FL 34114-2881

*/s/ Joshua R. Gale*
**OF COUNSEL**

20