UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA DUCHARME, ASHLEE
JOHNSON, CLAIRE WEBB, and
ELIZABETH WHITE,

    Plaintiffs,

v.

                                              Case No.: 2:22-cv-486-JLB-KCD

TROON GOLF, LLC, THE DUNES OF
NAPLES LLC, LEE SONSKY, and
MICHAEL BROUGHTON,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendants' three nearly identical motions to dismiss. (Docs. 34, 50, 53). Plaintiffs responded to each motion. (Docs. 49, 52, 55). For the following reasons, the motions to dismiss are **GRANTED**.

## BACKGROUND[1]

Defendants Troon Golf, LLC ("Troon") and The Dunes of Naples LLC (the "Dunes") employed Plaintiffs Amanda Ducharme, Claire Webb, and Elizabeth White as servers at The Club at the Dunes (the "Club") and employed Plaintiff Ashlee Johnson as a bartender at the Club. (Doc. 29 at ¶ 13–14). Plaintiffs allege that at

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Amended Complaint.

all times relevant to this action, their "job performance was exemplary." (*Id.* at ¶ 18). Troon and the Dunes employed Defendants Lee Sonsky and Michael Broughton in management positions as head chef of the Club and director of food and beverage of the Club, respectively. (*Id.* at ¶¶ 15–16).

The Amended Complaint alleges that Mr. Broughton and Mr. Sonsky made "Plaintiffs and other female employees uncomfortable with their statements and [their] behavior, which were unwelcome and created a hostile work environment on the basis of sex." (*Id.* at ¶ 19). For example, the Amended Complaint alleges that Mr. Sonsky "repeatedly made sexually explicit comments about females in general," "made comments specific [to] female employees," and "repeatedly invaded the personal space of female employees." (*Id.* at ¶¶ 20–21). The Amended Complaint further alleges that Mr. Broughton was aware that Mr. Sonsky engaged in behavior which created a hostile work environment for female employees and that Mr. Broughton engaged in behavior which contributed to a hostile work environment. (*Id.* at ¶¶ 22–23). For example, the Amended Complaint alleges that Mr. Broughton "offered female employees money in exchange for sex" and told female employees that he would take a "'bribe' to receive a perfect score, which the female employees understood to mean he would give them a perfect score [on their employee evaluation forms] in exchange for sex." (*Id.* at ¶¶ 24–25). The Amended Complaint details various other disturbing allegations against Mr. Sonsky and Mr. Broughton, which are not relevant to the motions currently pending before the Court. (*See id.* at ¶¶ 26–58).

On August 11, 2022, Plaintiffs filed a Complaint against Defendants. (Doc. 1). On October 31, 2022, Plaintiffs filed an Amended Complaint. (Doc. 29). The Amended Complaint contains the following counts.

> Count I: Violations of Title VII of the Civil Rights Act of 1964 (Sexual Harassment against Defendants Troon and the Dunes);
>
> Count II: Violations of Title VII of the Civil Rights Act (Disparate Treatment against Defendants Troon and the Dunes);
>
> Count III: Violations of Title VII of the Civil Rights Act (Retaliation against Defendants Troon and the Dunes);
>
> Count IV: Violations of the Americans with Disabilities Action (brought by Plaintiff Claire Webb against Defendants Troon and the Dunes);
>
> Count V: Invasion of Privacy (brought by Plaintiffs Ducharme, White, and Johnson against all Defendants);
>
> Count VI: Assault and Battery (brought by Plaintiffs Ducharme, White, and Johnson against all Defendants);
>
> Count VII: Outrage (brought by Plaintiffs Ducharme, White, and Johnson against all Defendants); and
>
> Count VIII: Negligent and/or Wanton Supervision, Training, and/or Retention (brought by all Plaintiffs against Troon and the Dunes).

(Doc. 29 at ¶¶ 59–131).

## DISCUSSION

Defendants' motions to dismiss contain two overarching arguments: (i) the Amended Complaint improperly commingles state and federal claims, such that it amounts to a shotgun pleading; and (ii) state law claims pleaded in Counts V

3

(Invasion of Privacy), VII (Outrage), and VIII (Negligent Supervision, Training, and/or Retention) fail to state a claim upon which relief can be granted. (*See* Docs. 34, 50, 53). Plaintiffs have agreed to dismissal of Counts V, VII, and VIII. (*See* Doc. 49 at 12–13). Accordingly, the Court will not consider arguments as to those counts, and the only issue before the Court is whether what remains of the Amended Complaint is a shotgun pleading.

The Federal Rules of Civil Procedure provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Complaints that fail to meet these standards are sometimes referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "repeatedly condemned shotgun pleadings," explaining that they "fail[] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1321 n.9, 1323).

The Eleventh Circuit has enumerated four types of shotgun complaints. *Weiland*, 792 F.3d at 1321. The most common type is the one at issue here – "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* This type of shotgun

4

pleading is problematic because "[b]y the time a reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff." *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014). Such shotgun pleadings "require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'" *Alonso v. Regions Bank*, No. 8:22-cv-1057-CEH-JSS, 2022 WL 1555434, at *2 (M.D. Fla. May 17, 2022) (quoting *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010)).

Although the Amended Complaint is not the most egregious example of a shotgun pleading, Defendants' criticisms have merit. The Amended Complaint tells Plaintiffs' story via a statement of facts but does not specify which facts specifically pertain to each count. Accordingly, the Court finds that the entire Amended Complaint is due to be dismissed without prejudice. The Court grants Plaintiffs leave to file a second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

*-Remainder of page intentionally left blank-*

## CONCLUSION

For the reasons set forth above, the Motions to Dismiss (Docs. 34, 50, 53) are **GRANTED** and the Amended Complaint is dismissed without prejudice. Plaintiffs shall file a second amended complaint within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on June 21, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE